## (May 18, 1961)

In the Matter of SENECA HOTEL CORP., Respondent, v. S. DANNY CHACCHIA et al., as Assessors of the City of Geneva, Appellants.— Order insofar as appealed from unanimously modified on the law and facts in accordance with the memorandum and as modified affirmed, without costs of this appeal to any party. Certain findings of facts disapproved and reversed and new findings made. Goldman, J., not participating. Memorandum: The appeal herein is from an order of Special Term, which modified and as modified affirmed the report of a Referee in a tax certiorari proceeding. It was conducted under the old Tax Law. Petitioners sought to review the assessment of certain property located in the heart of the City of Geneva, New York, known as the Seneca Hotel. The hotel and the land on which it stood had been the property of one Samuel Nester. The property was assessed in his name in 1959 although he had died testate November 18, 1957. The executors and trustees of Nester's estate sold the hotel and contents to one Marvin Rosen by contract for the sum of $150,000, no part of which was allocated specifically to land or building. The tax rolls were completed June 1, 1959. The premises were assessed thereon as follows: land $17,400, building $112,600 for a total of $130,000. Proceedings were instituted by the executors joining with the purchaser to reduce the assessment on land and building to $45,373 upon the ground of overvaluation and inequity. Rosen's assignee, the Seneca Hotel Corp., was substituted as petitioner without prejudice during the hearing. The Referee found that the ratio existing between the value of parcels selected in the tax district and the appraised value was 71%. He also decreed that the property was overvalued upon the rolls to the extent of $65,532 and that the correct value as of June 1, 1959 was $64,468 and that the assessment should be reduced accordingly. Upon motion to confirm the Referee's report, Special Term adopted a ratio under subdivision 2 of section 293 of the Tax Law (presently Real Property Tax Law, § 720) determining the ratio between values of all bona fide sales in the calendar year and the assessed value. The value was determined not by appraisal but by computing value from the documentary stamps affixed to the instruments. The court reversed the Referee's report as to ratios and fixed the ratio at 55.5% and found a new value for the premises. While evidence of sales of parcels other than those on a selected list may be considered, we believe that, under the circumstances of this case, the Referee properly gave greater weight to the expert valuations of the selected parcels. Therefore, the ratio he arrived at should be accepted. We believe that the Referee erred in finding that the sale price of the hotel and land was $90,000 for that was not the contract sale price. A few months before the sale to Rosen the personal property in the hotel had been valued for estate tax purposes at $30,000. There was no appreciable net increase in its value thereafter to the date of sale. Subsequently the figure of $60,000 was placed on the personalty for accounting purposes and deducted from the sale price. The finding as to the value of the personalty involved in the sale should be changed to $29,900. The evidence warrants the finding that the land value was $17,100 and that the value of building and land on June 1, 1959 was $120,100. Applying the ratio of 71% to that value, we find that the correct assessed value should be $85,271 and that

the overassessment was $44,729. (Appeal from part of order of Ontario Special Term confirming in part the report of the Referee and reducing the assessment on petitioner's real property, and directing the return of excess taxes paid by petitioner.) Present — Williams, P. J., Goldman, Halpern, McClusky and Henry, JJ.